

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable Howard Traweek
County Attorney
Motley County
Matador, Texas

Dear Sir:

> Opinion Number O-1383
> Re: Is the commissioners' court
>     authorized to order an
>     election for the purpose
>     of revoking or cancelling
>     unsold courthouse bonds?

We are in receipt of your opinion request of September 1, and quote from your letter as follows:

> "I would like to have the opinion of your office on the question of whether or not a commissioners' court is authorized under the laws of this State to order an election for the purpose of revoking or cancelling unsold courthouse bonds."

We appreciate the brief of the Honorable W. P. Dumas submitted along with your opinion request, and we think that his conclusions are correct.

We find no provision in the law authorizing the commissioners' court of a county to order an election for the purpose of revoking or cancelling unsold bonds authorized by the qualified electors of the county for any of the purposes enumerated in Article 718, of the Texas Revised Civil Statutes of 1925. This article authorizes counties to issue bonds for the following purposes, among others, to-wit: "To erect the county courthouse and jail, or either * * *."

In 1932 the Legislature passed a law authorizing the commissioners' court to order an election to determine whether

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or not unsold road bonds authorized by a county, political subdivision or defined district shall be revoked or cancelled; but this Act is applicable only to county road bonds, or road district bonds, voted pursuant to Section 52, of Article 3, of the Constitution. Chapter 31, Acts of 1932, Third Called Session; Article 784a, Vernon's Texas Statutes, 1936.

The Legislature has also authorized school districts to hold elections for the purpose of revoking or cancelling unsold school district bonds. Chapter 103, Acts 1933; Article 2788a, Vernon's Texas Statutes, 1936.

It will thus be seen that the commissioners' court and the governing bodies of school districts were not authorized to order elections for the purpose of revoking or cancelling unsold bonds until statutory authority was expressly conferred by the Acts hereinabove mentioned. The commissioners' court is a court of limited jurisdiction and is, therefore, confined strictly to the authority conferred upon that court by the Legislature.

In the case of Williams v. Glover, 259 S.W. 957, the Waco Court of Civil Appeals held as follows:

"There is, however, no inherent right in the people, whether of the State or of some particular subdivision thereof, to hold an election for any purpose. Such action must be based on authority conferred by law."

In the case of Orr v. Marrs, 47 S.W. (2d) 440, the court said:

"After the will of the voters shall have been expressed and ascertained as provided by the law by an election, nothing remains, under the terms of the statute, but to carry it into effect. It is fundamental that voters of a district can only exercise such powers as are conferred by statute, either expressly or by implication. All powers not expressly or by implication conferred

are excluded. The power to rescind the former vote for the bond issue not being expressly given by the statute, it may not be, it is believed, reasonably implied. The power to vote on a bond issue implies the power to vote against it, but not to vote to rescind it after it has been regularly authorized. As well may it be implied that power to vote for or against a person for office confers the power to rescind his election regularly made by a subsequent vote of voters. If the Legislature had intended to grant the right of withdrawal of the vote, it could easily have been expressed."

You are, therefore, advised that it is the opinion of this department that the commissioners' court of Motley County, Texas, is without authority to order an election for the purpose of revoking or cancelling that county's unsold courthouse bonds.

Trusting that this answers your question, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman
Claud O. Boothman
Assistant

COB-

APPROVED SEP 25, 1939

/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved
Opinion Committee
By B.W.B., Chairman